UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| C.T., an individual, | CIVIL ACTION NO. 2:19-CV-5384 |
| Plaintiff, | **Electronically Filed** |
| RED ROOF INNS, INC; WYNDHAM HOTELS & RESORTS, INC.; BEST WESTERN INTERNATIONAL, INC.; and LA QUINTA HOLDINGS, INC., | Chief Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth Preston Deavers |
| Defendants. | |

**REPLY MEMORANDUM FOR DEFENDANT BEST WESTERN INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This case, like several other identical cases filed recently against nearly every hotel brand, seeks to hold the hospitality industry responsible for the tragic and horrendous criminal wrongs committed by human traffickers. To hide their crimes, human traffickers manipulate the privacy and anonymity that hotels provide and guests expect. Plaintiff asserts various theories to impute knowledge – a required element of her claim – on Defendant Best Western International, Inc. ("BWI") and other brands about the trafficking, but as Judge Ray recently held with respect to a similar lawsuit against other hotel brands, the limited role brands like BWI play with respect to the operations of individually-owned and operated hotel properties (entities whom Plaintiff has conveniently not named in this lawsuit), including performing periodic quality assurance assessments, is not sufficient to state a claim for liability under the TVPRA and should be dismissed. *See Jane Doe 1 v. Red Roof Inns, Inc.*, 1:19-cv-3840, Dkt. 282, p. 9 (N.D. Ga. 2020 Apr. 13, 2020) (granting defendant hotel brand's motion to dismiss, stating "[t]he fact a franchisor may conduct inspections of a franchised property by itself is insufficient to impart knowledge of trafficking activity upon a franchisor or that a franchisor should have known of

such trafficking activity."). *Id*; *see also Jane Doe 2 v. Red Roof Inns, Inc., et al.*, No. 1:19-cv-03841-WMR (N.D. Ga. Apr. 13, 2020); *Jane Doe 3 v. Red Roof Inns, Inc., et al.*, No. 1:19-cv-03843-WMR (N.D. Ga. Apr. 13, 2020); *Jane Doe 4. v. Red Roof Inns, Inc., et al.*, No. 1:19-cv-03845-WMR (N.D. Ga. Apr. 13, 2020). The same is true here. For this and the following reasons, Defendant Best Western International, Inc. ("BWI") submits this Memorandum in Reply to Plaintiff's Response, and in further support of its Motion to Dismiss with prejudice the Complaint filed by Plaintiff, C.T.

## I. THIS CASE DOES NOT BELONG IN OHIO.

### A. There Is No Personal Jurisdiction Here.

Plaintiff's claims against BWI do not arise out of or relate to any incident or event involving a Best Western branded hotel located in Ohio. Instead, her claims against BWI relate to alleged human trafficking that occurred not in Ohio, but at a property located in Fort Myers, Florida. *See* Dkt. 1, at ¶ 68. Plaintiff is not even an Ohio resident; she is a resident of Florida. *See* Dkt. 1, at ¶ 9. Plaintiff nonetheless argues that this Court has personal jurisdiction because BWI works with various independently owned and operated hotels located in Ohio, even though they are not implicated in any of the alleged wrongdoing at issue in this matter.[1] *See* Dkt. 40, pp. 13-14.

According to the United States Supreme Court and the Sixth Circuit Court of Appeals, this is insufficient to confer jurisdiction in this matter. *See Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, the suit must arise out of relate to the defendant's contacts with the forum") (internal citations and quotations omitted); *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019) (a defendant's

---

[1] Plaintiff failed to address the exhibits BWI properly submitted to the Court that can be considered on a motion to dismiss that BWI does not own, operate or control the independently owned branded hotels and is not a principal, single or joint employer, or franchisor.

suit related conduct must establish a substantial connection with the forum state to establish specific jurisdiction); *Neogen Corp. v. Neo Gen Screening Inc.*, 282 F.3d 883, 889 (6th Cir. 2002); *Nationwide Life Ins. Co. v. Hampton Supply*, 829 F. Supp. 915, 918 (S.D. Ohio 2008) (citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (Plaintiff's cause of action must arise from activity or conduct on the part of the defendant that occurred in the forum state, *i.e.*, Ohio)).

While this Court recently ruled in *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-cv-1194 at Dkt. 77, pp. 5-6, that BWI is subject to the personal jurisdiction of Ohio in that matter, as this Court is well aware, personal jurisdiction is evaluated on the unique set of facts of each case. *See In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 225-26 (6th Cir. 1972) (Court must consider the jurisdictional facts of each case individually). The facts here are substantially different than those in *Doe S.W.* In *Doe S.W.*, the allegations involve hotels located in the state of Ohio (Lorain County and Summit County) and plaintiff claimed to be an Ohio resident. The fact BWI is named as a Defendant in *Doe S.W.* does not automatically make Ohio the appropriate forum in this case.

Here, the allegations are brought by a Florida resident with respect to hotels located in Fort Myers, Florida. None of the alleged sex trafficking occurred in the state of Ohio, let alone the Southern District of Ohio. There is no meaningful connection between the allegations in Plaintiff's Complaint and the venue of this Court, and so, it cannot be said that BWI could reasonably anticipate being haled into an Ohio court in this matter.

### B. The Case Should Be Dismissed on *Forum Non-Conveniens* Grounds.

Plaintiff did not address the matter of *forum non conveniens*. For the reasons noted in its Motion, and in the interests of justice and judicial efficiency, the Court should dismiss this case on the grounds of *forum non conveniens*. Assuming *arguendo*, Plaintiff's Complaint is

sufficiently pled to survive a motion to dismiss, which BWI specifically denies, there is an adequate, alternative forum for this case in the Middle District of Florida. Discovery will almost exclusively involve Florida-based documents and witnesses because the hotels are located in Fort Myers, the alleged trafficking occurred in Fort Myers, and the Plaintiff lives in Florida. Plaintiff's counsel, who signed the response to BWI's Motion to Dismiss, practices out of Pensacola, Florida. It is evident Plaintiff's chosen counsel is located in and adequately prepared to litigate this matter within Florida. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981) (Alternative forum must exist to dismiss case on *forum non conveniens* grounds); *see also Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1090-91 (6th Cir. 2019) (Dismissal on *forum non conveniens* grounds requires another forum to be both available and adequate). Also, Florida has a local public interest in handling cases involving parties within its physical borders. *See Piper*, 454 U.S. at 255 (the "strong presumption" in favor of the plaintiff's choice of forum may be overcome when the private and public interest factors clearly point towards trial in the alternative forum").

## II. PLAINTIFF'S COMPLAINT IS BASED ON IMPROPER SHOTGUN ALLEGATIONS.

Plaintiff mischaracterizes applicable precedent on shotgun pleadings. Citing *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386 (6th Cir. 2020), Plaintiff misleadingly contends the Sixth Circuit only applies the rule against shotgun pleadings when the plaintiff fails to separate multiple causes of actions into separate counts. Dkt. 40, pp. 15-16, citing *Lee v. Ohio Educ. Ass'n*, F.3d 386, 393. Rather, the Sixth Circuit held the "plaintiff failed to connect specific facts or events with the various causes of action she asserted." *Lee*, F.3d at 392. (internal quotations and citations omitted). That is precisely what Plaintiff has failed to do here. The Complaint alleges no facts specific to BWI or any Defendant. Aside from identifying each Defendant separately, *see* Dkt. 1

at ¶¶ 10-13, the allegations against each Defendant are identical and without differentiation. For example, Plaintiff has merely alleged generalized purported misconduct identical to all Defendants. Plaintiff has not stated specific facts establishing or identifying each Defendant's alleged wrongful conduct. The Complaint does not connect specific facts or events to any Defendant, as required by the Sixth Circuit.

The Complaint suffers from a shotgun pleading approach the United States Supreme Court has ruled is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). To be clear, BWI is not "confused," as Plaintiff puts it. *See* Dkt. 40 at p. 16. Vague, conclusory, generalized, and non-specific allegations are insufficient to withstand a motion to dismiss. *Marais v. JPMorgan Chase Bank, N.A.*, 676 Fed. Appx. 509 (6th Cir. 2017) ("more than bare assertions of legal conclusions is required) (internal quotations omitted); *see also Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) ("a complaint must allege more than naked assertions devoid of further factual enhancement") (internal quotations and citations omitted).

### III. WITH DUE RESPECT, THIS COURT APPLIED THE WRONG STANDARD REGARDING SUFFICIENCY OF THE PLEADINGS IN THE *M.A.* AND *H.H.* CASES AND SHOULD NOT MAKE THE SAME MISTAKE HERE.

Respectfully, Plaintiff's reliance on this Court's rulings in *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-cv-849, 2019 WL 4929297 (S.D. Ohio 2019) and *H.H. v. G6 Hospitality, LLC*, 2:19-cv-755, 2019 WL 6682152 (S.D. Ohio 2019) is misplaced, as they do not apply the appropriate standard for determining the sufficiency of allegations to withstand a Rule 12(b)(6) motion to dismiss and should not be considered.

Both *M.A.* and *H.H.* rely on the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the *Conley* standard for evaluating the sufficiency of pleadings was expressly replaced by *Twombly v. Bell Atlantic*, 550 U.S. at 562-563 (2007) (holding "there is no

need to pile up further citations to show that *Conley*'s "no set of facts" language has been questioned, criticized, and explained away long enough…after puzzling the profession for 50 years, this famous observation has earned its retirement.").

Under *Twombly*, and as recognized by the Sixth Circuit, "factual allegations must be enough to raise a right to relief above the speculative level…[t]he pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. *See also NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007) ("something beyond the mere possibility of relief must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people…") (internal quotations and citations omitted). Not surprisingly, Plaintiff did not attempt to address *Twombly* or apply its standard in her Response. As previously argued in BWI's Motion, the Complaint fails under *Twombly* and should be dismissed. *See* Dkt. 19 at pp. 11-12.

### IV. THE STATUTE OF LIMITATIONS HAS RUN ON PLAINTIFF'S CLAIMS BEFORE DECEMBER 8, 2009.

Plaintiff acknowledges her TVPRA claims that pre-date December 8, 2019 fall outside the statute's ten year statute of limitations. *See* Dkt. 40, at pp. 31-32. She argues, however, that equitable tolling should apply. *Id.* at p. 32. She cites to a two-prong test employed by the United States Supreme Court in *Holland v. Florida*, 560 U.S. 631, 649 (2010). Yet again, her reliance on this case is misplaced, as the Sixth Circuit has only applied the *Holland* two-prong test to equitable tolling in *habeas corpus* petitions. *Zappone v. United States*, 870 F.3d 551 (6th Cir. 2017). This is not a *habeas corpus* case. The standard for evaluating whether equitable tolling applies here is a five-factor standard, and those factors all weigh against equitable tolling.

*Zappone*, 870 F.3d at 556 (rejecting the two-part test of *Holland* and applying the five-factor analysis in *Jackson v. United States*, 751 F.3d 712 (6th Cir. 2014)).

The Sixth Circuit considers five factors in evaluating whether equitable tolling applies to a late claim: (1) the plaintiff's lack of notice during the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Jackson*, 751 F.3d at 719; *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988); *Watkins v. Columbus City Schs*, 2020 U.S. Dist. LEXIS 47119 (S.D. Ohio 2020). Plaintiff carries the burden of establishing her entitlement to equitable tolling. *Zappone*, 870 F.3d at 556; *Dann v. United States*, 2018 U.S. App. LEXIS 16468 (6th Cir. 2018); *Hood v. United States Postal Serv.*, 2017 U.S. App. LEXIS 20047 (6th Cir. 2017).

Plaintiff has failed to satisfy her burden under *Zappone* and is not entitled to litigate claims under the TVPRA that allegedly occurred before December 8, 2009. Assuming Plaintiff's alleged trafficking ended in 2010 after police rescue, Plaintiff has not offered facts to establish her diligence in pursing her rights, other than blanketly claiming she commenced this action "well within the statutory time period." *See* Dkt. 40 at p. 30. Plaintiff has not demonstrated why she waited almost ten years to commence this action, how her decision to wait so long was reasonable, why she remained ignorant of her right to commence this action, or that there is a lack of prejudice to BWI. BWI specifically asserts a delay of one to two years has prejudiced its ability to defend this case as witnesses, documents, and other materials that would support its defenses are likely no longer available. Furthermore, at least two federal courts have determined the "financial benefit" section of 18 U.S.C. 1595(a), which was effective as of December 23, 2008, does not contain a clear intent to apply retroactively, and cannot apply to conduct occurring before December 23, 2008. *See M.L. v. Craigslist Inc.*, 19-cv-6153, Dkt. 62, p. 10

(W.D. Wash. 2020), citing *Owino v. CoreCivic, Inc.*, 3:17-cv-01112, Dkt. 38, p. 5 (S.D. Cal. 2018). At a minimum, Plaintiff should be precluded from alleging a beneficiary theory of liability under the TVPRA for conduct prior to December 23, 2008, and applying the Sixth Circuit's requirements for equitable tolling, the statute of limitations precludes her claims against BWI before December 8, 2009.

### V. ANY ANTICIPATED REQUEST BY PLAINTIFF FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED LEAVE AS FUTILE.

Plaintiff's response to BWI's Motion to Dismiss implies that she plans to amend her Complaint to assert a cause of action against the Defendants for civil conspiracy, *see* Dkt. 40 at p. 14, n. 15., a claim she could have included when she filed her original Complaint and a strategy she could have discussed with Defendants before making them draft a Motion to Dismiss and having the Court review a Motion to Dismiss with respect to a moving target. In determining whether to grant a movant leave to amend the pleadings, the Court must consider several factors, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and the futility of the proposed amendment. *See Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018), citing *Forman v. Davis*, 371 U.S. 178, 182 (1962). Granting leave to amend the Complaint is futile if a proposed amendment would not survive a motion to dismiss. *See Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). While the Complaint is replete with inflammatory and irrelevant rhetoric regarding the hotel industry as a whole, the JPML determined "the hotel industry is not monolithic" in denying Plaintiff's request for consolidation for Multi District Litigation. *See In re Hotel Indus. Sex Trafficking Litig.*, 2020 U.S. Dist. LEXIS 19882 (J.P.M.L. 2020). Because Plaintiff lacks substantive and procedural grounds to assert civil conspiracy, the Court should deny Plaintiff's request to amend the Complaint as futile.

Plaintiff cannot merely allege Defendants conspired to negligently permit her to be trafficked through their brand hotels for commercial sex, as there are no facts to suggest Defendants conspired together, and it is impossible to conspire to commit negligence. *See In re Nat'l Century Fin. Enters., Inv. Litig*, 504 F. Supp. 2d 287, 327 (S.D. Ohio 2007) ("It is impossible to conspire to commit negligence."). For Plaintiff to allege the hotel defendants conspired with her criminal traffickers, Plaintiff would have to allege the hotel defendants are liable under 18 U.S.C. 1591(a), which she has expressly denied in her opposition. *See* Dkt. 40 at p. 20. ("Only one claim has been made against all Defendants in this case, which is violation of § 1595 on a beneficiary theory of liability."). Furthermore, a federal court exercising subject matter jurisdiction based on federal question cannot determine state common-law claims for civil conspiracy. *See Ayad v. Radio One, Inc.*, 412 F. Supp. 2d 716 (N.D. Ohio 2005).

Permitting Plaintiff to amend her Complaint which, for the reasons stated above, BWI argues is futile in this case, places the undue burden on BWI to re-file its Motion to Dismiss, which ultimately wastes time and judicial resources. It also bears repeating that the location of the substantial events alleged in this case is Fort Myers, Florida. No matter how much Plaintiff amends the substance of her allegations or how many causes of action she adds to the Complaint, including an anticipated effort to add a theory of civil conspiracy, the Court should not ignore the crucial fact that the basis for this case is unequivocally rooted in Florida. As there is no conceivable theory to substantially link the events at issue (which occurred in Florida) with the Defendants' contacts in Ohio to establish sufficient personal jurisdiction or a convenient forum, this Court should not grant Plaintiff leave to amend her Complaint.

**CONCLUSION**

For these and the reasons described in BWI's Motion to Dismiss, Plaintiff's response fails to address crucial deficiencies in her Complaint and it should be dismissed. In addition, this case does not belong in Ohio when the alleged wrongdoing occurred at hotel locations in Florida and the Plaintiff is a Florida resident. All discovery and witnesses are likely based in or around Fort Myers, Florida. Commencing this case in the Southern District of Ohio was pure forum shopping. In light of the foregoing, BWI respectfully requests this Honorable Court dismiss the Complaint for failure to state a cause of action and on the grounds of *forum non conveniens*.

Dated: May 1, 2020

        Respectfully submitted,

        /s/ *Judd R. Uhl*

        Judd R. Uhl (0071370)
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        250 East 5th Street, Suite 2000
        Cincinnati, Ohio 045202
        Telephone: 513.808.9913
        Facsimile: 513.808.9912
        Judd.Uhl@lewisbrisbois.com
        *Attorneys for Defendant*
        *Best Western International, Inc.*

        /s/ *Karen L. Campbell*

        Karen L. Campbell (Admitted *Pro Hac Vice*)
        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
        77 Water Street, Suite 2100
        New York, New York 10005
        Telephone: 212.232.1300
        Facsimile: 212.232.1399
        Karen.Campbell@lewisbrisbois.com
        *Attorneys for Defendant*
        *Best Western International, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify on the 1st day of May, 2020, the foregoing was served on counsel of record through the Court's electronic filing system, and paper copies will be sent to all parties without an appearance by conventional mail.

/s/ *Judd Uhl*
Judd Uhl
