**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| C.T., an individual; | : Case No. 2:19-CV-5384 |
| Plaintiff, | : Judge: Algenon L. Marbley |
| v. | : Magistrate: Elizabeth A. Preston Deavers |
| RED ROOF INNS, INC; WYNDHAM HOTELS & RESORTS, INC.; BEST WESTERN INTERNATIONAL, INC.; and LA QUINTA HOLDINGS, INC., | : **(Filed electronically)** |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANT RED ROOF INNS, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

**I.      INTRODUCTION**

Plaintiff has failed to state a claim against Red Roof Inns, Inc. ("RRI")", but, even if she had, she cannot proceed in this Court because venue is improper. Plaintiff is a resident of Florida, and she alleges she was trafficked at Florida hotels. The events, witnesses, and evidence are all located within Florida. As a result, her Complaint against RRI should be dismissed, or alternatively, this case should be transferred to the Middle District of Florida under 28 U.S.C. 1404(a).

**II.     ARGUMENT**

    **a. Venue Is Improper Because Any Efficiencies in Deciding Legal Issues Together are Outweighed by the Impact on Access to Witnesses**

This matter should be transferred to the Middle District of Florida pursuant to 28 U.S.C. 1404(a). Not only do the Plaintiff, and her counsel, reside in Florida, all of the alleged conduct occurred within Florida, and the matter should be transferred for the convenience of the parties and in the interest of justice. Most, if not all, of the witnesses are likely within Florida and not Ohio. Further, Plaintiff does not dispute venue is proper in the Middle District of Florida, where the

1

alleged conduct occurred and where Plaintiff and witnesses are located. RRI's headquarters within Ohio is not enough to mandate venue. Although Plaintiff chose this forum, because she does not work or reside in Ohio, this choice is given less consideration. *Kay v. Nat'l City Mortg. Co.*, 494 F.Supp.2d 845, 850 (S.D. Ohio 2007).

Moreover, Plaintiff does not argue the Southern District of Ohio is more convenient for her. Instead, she cites to this Court's decision in *Doe S.W. v. Lorain-Elyria, Inc.*, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020). In *Lorain-Elyria*, the Court held that a plaintiff who alleged sex trafficking in Ohio hotels could file a suit in the Southern District of Ohio rather than the Northern District of Ohio, where the trafficking allegedly occurred. In the analysis, the Court states a party must demonstrate "that the interests 'clearly favor a change of venue,' rather than being 'slightly advantageous to the parties or the witnesses.'" *Id* at *12. The distance between the Northern District of Ohio in Cleveland and the Southern District of Ohio in Columbus is a mere two hours. In this matter, the distance between venues is approximately 1200 miles. The transfer to the Middle District of Florida, where the Plaintiff resides, likely all witnesses are located, and all of the alleged events occurred "clearly favors a change of venue" and would be substantially advantageous to all parties and witnesses. The vast distance between this Court and the location of the alleged conduct is certainly not negligible, and will be inconvenient for non-party witnesses. The distance between this Court and the location of the alleged conduct would cause a significant additional burden than just traveling a couple of hours to a different courthouse. Further, it will hamper RRI's ability to subpoena fact witnesses.

Without support, Plaintiff contends that litigating in this Court will promote judicial efficiency because other plaintiffs have sued other hotel defendants in the Southern District of Ohio under the TVPRA. Plaintiff does not cite a case supporting the notion that venue is proper simply

2

because other cases involving similar subject matter are pending. RRI is not a party to all of the cases currently pending in the Southern District. The Panel on Multidistrict Litigation already found that common factual questions do not exist among these cases. *See In re Hotel Indus. Sex Trafficking Litig.*, MDL 2928, 2020 WL 581882, at *3 (U.S. Jud. Pan. Mult. Lit. Feb. 5, 2020) (denying the motion for transfer to the MDL panel). Numerous factors, such as the convenience to witnesses, access to proof, and the venue's interest in the outcome, favor transfer to the Middle District of Florida. (*See* DN 23, at 10-11.)

### b. Plaintiff's Complaint Fails to State a Claim

If the Court were to proceed on the merits, Plaintiff's Complaint should still be dismissed for failure to state a claim because Plaintiff has engaged in impermissible group pleading and has failed to allege facts plausibly giving rise to liability in this case.

### i. The Complaint is an impermissible shotgun pleading.

"Shotgun" pleadings violate Rule 8(a)(2) of the Federal Rules of Procedure and they are subject to dismissal under Rule 12(b)(6) *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 3920393 (6th Cir. 2020) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Plaintiff concedes her Complaint rests on "collective allegations" (DN 55, at 7) and the same general set of facts are alleged against all Defendants (DN 55, at 10). It would seem unlikely the exact same set of facts occurred and apply precisely to each defendant within this matter. This is a form of an impermissible "shotgun" pleading. See, e.g. *Weiland, F.3d at 1323; Joseph v. Bernstein,* 612 F. App'x 551, 553 (11th Cir. 2015) ("[T]he complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped all defendants without explain the factual basis for each of the Defendants' liability.") If Plaintiff has a good-faith basis for asserting a claim against RRI, federal pleadings standards require her to

3

make well-pled factual allegations specific to RRI sufficient to support each element of each claim. The Complaint, and its reliance on overly-general and collective allegations, clearly falls short. Allowing the Complaint to go forward deprives RRI the notice it is entitled, and requires RRI to defend a claim without knowing the factual basis for said claim.

### ii. The Complaint does not state a TVPRA claim.

Plaintiff's cause of action under § 1595(a) requires Plaintiff to plausibly allege a defendant participated in a venture which violated the criminal provisions of TVPRA, knowingly benefited from any such participation, and the defendant knew or should have known of the venture's commission of sex-trafficking crimes. *See* 18 U.S.C. § 1595(a). As explained in RRI's motion, the Complaint lacks any such allegations.

Plaintiff argues participation in a "venture" under the TVPRA does not require a "common purpose," criticizing RRI's citation to cases construing "enterprise" under RICO. Plaintiff ignores the definition of a TVPRA "venture", which very closely tracks the definition of "enterprise" under RICO, as both require the participants to be "associated in fact." *Compare* 18 U.S.C. § 1591(e)(6) (defining "venture" as "any group of two or more individuals ***associated in fact***, whether or not a legal entity" (emphasis added)), *with* 18 U.S.C. § 1961(4) (defining "enterprise" as "any . . . group of individuals ***associated in fact*** although not a legal entity" (emphasis added)); *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (Souter, J.) (recognizing that a "venture" only exists for purposes of Section 1595(a) where "two or more individuals" are "associated in fact"); *accord Bistline v. Parker,* 918 F.3d 849, 873 (10th Cir. 2019).

And where Congress uses similar language in two statutes, as with a TVPRA "venture" and a RICO "enterprise," courts presume that "Congress intended that the text have the same meaning in both statutes." *Smith v. City of Jackson, Miss.,* 544 U.S. 228, 233 (2005); *Northcross v. Bd. Of Ed. of*

4

*Memphis City Sch.*, 412 U.S. 427, 428 (1973). In the RICO context, the Supreme Court has recognized that, for a person to be "associated in fact," there must be "both interpersonal relationships and a common interest." *Boyle v. United States*, 556 U.S. 938, 946 (2009); *United States v. Turkette*, 452 U.S. 576, 583 (1981) (explaining that association in fact requires "a group of persons associated together for a common purpose"). Accordingly, in determining whether a defendant has "associated in fact" with a criminal trafficker for purposes of participating in a TVPRA "venture," the inquiry depends in part on whether the alleged participants of the venture associated together for a common purpose and had interpersonal relationships. *See Plaintiff A v. Schair*, 2:11-CV-00145-WCO, 2014 WL 12495639, at *2 (N.D. Ga. Sept. 9, 2014) (finding that the civil remedy provisions within the TVPRA and RICO operate in the same manner); *Boyle*, 556 U.S. at 944 ("That an 'enterprise' must have a purpose is apparent from the meaning of the term in ordinary usage, i.e., a 'venture,' 'undertaking,' or 'project.' The concept of 'association' requires both interpersonal relationships and a common interest." (internal citations omitted)).

A commercial transaction (*e.g.*, the rental of a hotel room) does not give rise to a reasonable inference the participants in such a transaction share a common purpose or are otherwise "associated in fact." *See, e.g., Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) (dismissing RICO claims because there were not allegations that the defendant technology and public relations vendors shared a common purpose or otherwise "associated in fact" with Spirit Airlines); *Ellis v. JPMorgan Chase & Co.*, 752 F. App'x 380, 382 (9th Cir. 2018) (dismissing RICO claims and stating that the "mere existence of service contracts . . . is insufficient to establish a common purpose"); *United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.,* 719 F.3d 849, 855 (7th Cir. 2013) (holding that a "commercial relationship" is insufficient to show that parties were associated in fact).

At most, the Complaint alleges the Red Roof-branded hotel at issue was used by the alleged traffickers as an instrumentality for the traffickers' venture, which is insufficient to establish RRI "associated in fact" with the traffickers." *See, e.g., Weir v. Cenlar FSB*, 16-CV-865 (CS), 2018 WL 3443173, at \*6 (S.D.N.Y. July 17, 2018) ("[B]eing an 'instrumentality' does not thereby mean one shares a common purpose.  Defendants allegedly used the mail in furtherance of the scheme, but that would not make the Postal Service [] a member of the enterprise."); *Rosner v. Bank of ChinaI,* 528 F. Supp. 2d 419, 428-429 (S.D.N.Y. 2007) (finding the provision of "indispensable banking services" insufficient and stating that providing services available "to the public at large, does not provide a basis for inferring that [Defendants] shared a common lawful purpose").

In response, Plaintiff relies heavily on this Court's decisions in *M.A. v. Wyndham* and *H.H v. G6 Hosp., LLC*, but ignores those decisions recognized "participation" in a "venture" requires agreement among the alleged "venture" participants.  *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2019 WL 4929297, \*7-8 (S.D. Ohio Oct. 7, 2019) (requiring "a showing of a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement"); *H.H. v. G6 Hosp., LLC,* No. 2:19-cv-755, 2019 WL 6682152, \*4-5 (S.D. Ohio Dec. 6, 2019) (same).  Similarly, a common purpose among the "venture" participants was alleged in *Ricchio*, 853 F.3d at 556, but analogous facts to support a finding of common purpose have not been alleged here.  The Complaint therefore fails to allege participation in a sex-trafficking "venture."

Plaintiff also fails to meaningfully rebut authority cited by RRI recognizing § 1595(a) requires a "causal relationship" between conduct furthering the venture and the receipt of a benefit. *Geiss v. Weinstein Company Holdings LLC,* 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).  In other words, the benefit must derive directly from the defendant's participation in a sex-trafficking

6

venture. The Complaint at best alleges RRI benefited generally from the rental of hotel rooms to the general public.  This is insufficient.

Finally, Plaintiff's Complaint does not plausibly allege RRI "knew or should have known" Plaintiff herself was being trafficked. *See, e.g., Doe 1,* 2020 WL 1872335, at *3 ("[T]he statute targets commercial sex activity that is forced or coerced; it does not address commercial sex activity generally."  There are no allegations specific to the Red Roof-branded hotel plausibly suggesting anyone there knew or should have known of Plaintiff's alleged trafficking.  And while the Complaint alleges certain conduct at RRI locations, none of these locations are directly associated with the Plaintiff or the Red Roof-branded hotel where she alleges she was trafficked.  The Complaint's general, conclusory allegations fall short of what is needed to suggest RRI "should have known" of Plaintiff's alleged trafficking.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in its Motion to Dismiss and/or Motion to Transfer Venue, RRI respectfully requests the Court dismiss the claim against RRI under Rule 12(b)(6) for failure to state claim, or, in the alternative, transfer venue to the Middle District of Florida under 28 U.S.C. § 1404(a).

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)
LEWIS, BRISBOIS, BISGAARD & SMITH
250 E. 5th Street, Suite 2000
Cincinnati, Ohio 45202
kate.kennedy@lewisbrisbois.com
(513) 808-9914 / (513) 808-9912 (Fax)
*Attorney for Defendant,*
*Red Roof Inns, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy