**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| C.T., an individual, | ) |
| Plaintiff, | ) CASE NO. 2:19-cv-05384 |
| v. | ) |
| RED ROOF INNS, INC., WYNDHAM HOTELS & RESORTS, INC., BEST WESTERN INTERNATIONAL, INC., and LA QUINTA HOLDINGS, INC., | ) |
| Defendants. | ) |

**DEFENDANTS WYNDHAM HOTELS & RESORTS, INC. AND LA QUINTA HOLDINGS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## I. INTRODUCTION

Ordinarily, at this stage in a case, Defendants Wyndham Hotels & Resorts, Inc. ("WHRI") and La Quinta Holdings Inc. ("LQH") would consent to the filing of an amended complaint. But this is not an ordinary case. This case should have been brought, if anywhere, in Florida. It concerns a Florida plaintiff who alleges she suffered injury as a result of incidents at Florida hotels. There are no allegations that could conceivably subject WHRI or LQH to this Court's jurisdiction in this case. Instead of voluntarily dismissing WHRI and LQH or consenting to transfer the case, Plaintiff seeks leave in an attempt to cure the lack of jurisdiction by advancing a far-fetched national conspiracy theory that has not been suggested, let alone pled, in any of the cases in which Plaintiff's counsel also is counsel of record. The proposed amendment is futile, if not sanctionable, and leave to amend should be denied.

11913799.1

## II. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, courts "freely give leave when justice so requires." FED. R. CIV. P. 15(a). Leave should not be granted, however, when "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Denoewer v. Union County Indus.*, 2:17-CV-660, 2020 WL 1244194, at *13 (S.D. Ohio Mar. 16, 2020) (Marbley, J.) (internal quotations omitted); *see also Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *Daniels v. Ohio*, 2:08-CV-16, 2008 WL 3843574, at *2 (S.D. Ohio Aug. 13, 2008) (denying motion for leave to amend on futility grounds where proposed amendment would not survive a motion to dismiss under Rule 12).

## III. ARGUMENTS & AUTHORITIES

As set forth in WHRI and LQH's briefs in support of their motions to dismiss, this Court lacks general or specific personal jurisdiction over them. None of the alleged events occurred in Ohio. Neither company is incorporated in Ohio. And neither company maintains a principal place of business in Ohio. Those facts are not in dispute. *See* Dkts. 23, 24, 49, 50; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014) (rejecting same arguments made by Plaintiff, explaining that exercising general jurisdiction "in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping"); *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that "in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring" in the state). In opposing WHRI and LQH's motions to dismiss, Plaintiff did not argue (and therefore waived the argument) that WHRI and LQH are subject to specific personal

jurisdiction in this case.[1]  WHRI and LQH incorporate their personal jurisdiction arguments from their prior briefing for the sake of brevity.

Recognizing the jurisdictional defects in her Complaint, Plaintiff requests leave to join several new defendants, including the American Hotel and Lodging Association and the Ohio Hotel and Lodging Association, and to assert new conspiracy claims against all defendants. Plaintiff's proposed amendment is a transparent attempt to avoid dismissal on personal jurisdiction grounds by advancing a "conspiracy theory" of jurisdiction, under which one co-conspirator's jurisdictional contacts are imputed to all co-conspirators.  Such allegations do not cure the jurisdictional defects as to WHRI or LQH (or the other La Quinta®-related entities named for the first time in the First Amended Complaint), rendering the proposed amendment futile.

As an initial matter, "the Sixth Circuit does not recognize the 'conspiracy theory of jurisdiction.'"  *Moro Aircraft Leasing, Inc. v. Keith*, 789 F. Supp. 2d 841, 847 n.1 (N.D. Ohio 2011); *Singh v. Daimler, AG*, 902 F. Supp. 2d 974, 981 (E.D. Mich. 2012) ("[T]he Sixth Circuit has not adopted this theory of personal jurisdiction.").[2]  That is because the conspiracy theory of

---

[1] The Court similarly lacks personal jurisdiction over WHRI and LQH under the Ohio long-arm statute.  *See, e.g.*, *Heinrichs v. Dunn*, 2:13-CV-00929, 2014 WL 3572404, at *4 (S.D. Ohio July 21, 2014) (Marbley, J.) ("Section (A)(3) does not confer personal jurisdiction when all of the alleged tortious acts took place outside of Ohio.").

[2] *See also Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 808 (N.D. Ohio 1998) ("[F]ederal courts in Ohio have not adopted the conspiracy theory which would impute a co-conspirator's jurisdictional contacts with the forum to the foreign defendant seeking dismissal.").  *Hollar v. Philip Morris Inc.*, 43 F. Supp. 2d 794, 802 n.7 (N.D. Ohio 1998) ("Since personal jurisdiction must be based on the actions and contacts of the specific defendant at issue, . . . the Court declines to apply the so called 'conspiracy theory of jurisdiction' in which the contacts of a defendant's co-conspirators with the forum state are attributed to the defendant in order to supply the minimum contacts necessary for personal jurisdiction."); *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, 4:05 CV 2205, 2006 WL 2225821, at *9 n.8 (N.D. Ohio Aug. 2, 2006) ("Microsys's Complaint asserts a claim of conspiracy against both DDS and KAN.  This claim, however, cannot support the exercise of personal jurisdiction over KAN where KAN has no contacts with Ohio."); *In re Foundry Resins Antitrust Litig.*, 2:04-CV-415, 2005 WL

3

jurisdiction is inconsistent with the "minimum contacts" analysis, which requires assessment of a defendant's personal contacts with the forum state. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. . . . [T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State. . . . We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or *third parties*) and the forum State." (internal citations omitted)); *In re Dental Supplies Antitrust Litig.*, 16CIV696BMCGRB, 2017 WL 4217115, at *7 (E.D.N.Y. Sept. 20, 2017) ("I reject conspiracy jurisdiction out of hand—it is highly unlikely that any concept of conspiracy jurisdiction survived the Supreme Court's ruling in *Walden v. Fiore* . . . .").[3]

---

3149754, at *5 (S.D. Ohio Nov. 23, 2005) (rejecting "conspiracy theory" of jurisdiction); *Spivak v. Law Firm of Tripp Scott, P.A.*, 1:13 CV 1342, 2015 WL 1084856, at *6 (N.D. Ohio Mar. 10, 2015) (stating that "conspiracy" allegations "fail[] as a jurisdictional argument, as a matter of law"); *In re Auto. Parts Antitrust Litig.*, 12-MD-02311, 2015 WL 4508938, at *4 (E.D. Mich. July 24, 2015) ("According to Indirect Purchaser Plaintiffs, DPSK participated in a conspiracy with other defendants, over whom the Court may exercise jurisdiction. The Court has no basis for imputing the actions of one defendant to another in analyzing jurisdiction . . . ."); *Akbar v. Bangash*, 15-CV-12688, 2017 WL 4334912, at *5 n.7 (E.D. Mich. July 11, 2017) ("Plaintiffs do not allege the existence of a conspiracy in their amended complaint. Even if they did, personal jurisdiction would not lie on the basis of their asserted conspiracy theory."); *Int'l Watchman Inc. v. Strap.ly*, 1:18 CV 1690, 2019 WL 1903557, at *4 (N.D. Ohio Apr. 29, 2019) ("Nor does Plaintiff's civil conspiracy claim confer personal jurisdiction on Watching Time. As an initial matter, courts in this district have declined to exercise personal jurisdiction over a non-resident defendant based solely upon participation in a conspiracy . . . .").

[3] *See also, e.g.*, *Neumann v. Lincoln Gen. Ins. Co.*, 3:14-CV-1285-CAB-RBB, 2016 WL 4257446, at *3 (S.D. Cal. May 16, 2016) ("[T]he existence of a joint venture or conspiracy does not eliminate the requirement that the existence of personal jurisdiction must arise out of contacts that the defendant himself creates with the forum State." (internal quotations omitted)), *aff'd*, 721 F. App'x 724 (9th Cir. 2018); *In re N. Sea Brent Crude Oil Futures Litig.*, 13-MD-02475 (ALC), 2017 WL 2535731, at *9 (S.D.N.Y. June 8, 2017) (recognizing that, after *Walden*, "it stands to reason that a defendant has not established minimum contacts with a forum on the basis of his co-conspirator's conduct in the forum state alone"), *aff'd sub nom. Prime Int'l Trading, Ltd. v. BP P.L.C.*, 784 F.

Even under the conspiracy theory of jurisdiction, Plaintiff's allegations still fall short. Under that theory, Plaintiff would still need to allege, among other things, that her claims "arise out of" an overt act committed in Ohio by one of the alleged co-conspirators. *See, e.g.*, *Se. Const., Inc. v. Tanknology-NDE Intern., Inc.*, CIV.A. 3:05-210, 2005 WL 3536239, at *11 (S.D.W. Va. Dec. 22, 2005); *Ward v. Auerbach*, CV 16-12543-FDS, 2017 WL 2724938, at *12 (D. Mass. June 23, 2017) ("Under the conspiracy theory of personal jurisdiction—which has not been adopted in this circuit . . . —a plaintiff must allege both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum state. The theory gives this court jurisdiction only over any claims which arise from acts within the commonwealth." (internal quotations and citations omitted)); *Giraldo v. Drummond Co., Inc.*, 2:09-CV-1041-RDP, 2013 WL 3873987, at *2 (N.D. Ala. July 25, 2013) (finding allegations insufficient to establish personal jurisdiction even under "conspiracy theory" of jurisdiction where "the focal point of the torts alleged" was not in the forum state), *aff'd sub nom. Doe v. Drummond Co., Inc.*, 782 F.3d 576 (11th Cir. 2015). Plaintiff makes no such allegation. Plaintiff is a Florida resident who alleges that she suffered injury in Florida at the hands of Florida criminals who used Florida hotels as instrumentalities for their crimes. Plaintiff's claims arise only from alleged contacts with Florida and have no connection whatsoever to Ohio. Plaintiff's proposed amendment does not and cannot cure the jurisdictional defects as to WHRI and LQH. Clearly, Plaintiff's counsel is forum shopping.

### IV.  CONCLUSION

For the foregoing reasons, WHRI and LQH respectfully request that the Court deny Plaintiff's motion for leave to amend.

---

App'x 4 (2d Cir. 2019); *WorldVentures Holdings, LLC v. Mavie*, 4:18CV393, 2018 WL 6523306, at *10 (E.D. Tex. Dec. 12, 2018).

Respectfully submitted,

*/s/ Michael R. Reed*
Michael R. Reed (0063995) Trial Attorney
Elisé K. Yarnell (0093996)
**HAHN LOESER & PARKS LLP**
65 East State Street, Suite 1400
Columbus, Ohio 43215
Tel.   (614) 221-0240
Fax:   (614) 221-5909
Email: mreed@hahnlaw.com
          eyarnell@hahnlaw.com

David S. Sager (*pro hac vice*)
**DLA Piper LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.:   (973) 520-2550
Fax:   (973) 520-2551
Email:  david.sager@dlapiper.com

*Counsel for Defendants*
*Wyndham Hotels & Resorts, Inc.*
*and La Quinta Holdings Inc.*

11913799.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 2nd day of July 2020, the foregoing was served on counsel of record through the Court's e-filing system.

                                              */s/ Michael R. Reed*
                                              Michael R. Reed