**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **C.T.,** : | |
| : | Case No. 2:19-CV-5384 |
| **Plaintiff,** : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Chief Magistrate Judge Deavers |
| **RED ROOF INNS, INC.,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on Defendants' Best Western International, Inc. ("Best Western"), Wyndham Hotels & Resorts, Inc. ("Wyndham"),[1] Red Roof Inns, Inc. ("Red Roof"), and Ohio Hotel and Lodging Association ("OHLA") Motions to Dismiss or, alternatively, Motions to Transfer Venue. (ECF Nos. 73, 79, 80, 103). For the following reasons, Defendants' Motions to Transfer Venue to the Middle District of Florida are hereby **GRANTED.**

### I. BACKGROUND

Plaintiff C.T. alleges she was trafficked for sex from approximately 2008 to 2010 at Days Inn, Travelodge, Best Western, La Quinta, and Red Roof Inn properties in the Fort Myers, Florida area. (ECF No. 65 ¶ 143). Plaintiff now seeks to hold these hotels liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

Plaintiff alleges that these hotel Defendants knew that sex trafficking occurred frequently on their properties and failed to prevent it, and also that they knew or should have known of C.T.'s trafficking. Plaintiff points to behavior that she alleges hotel staff should have recognized as signs

---

[1] Defendants La Quinta Holdings Inc., La Quinta Franchising LLC, and LQ Management L.L.C. joined Wyndham Hotels & Resorts, Inc. in its Motion to Dismiss. Due to the corporate relationship between these parties, these Defendants will be collectively referred to as the "Wyndham Defendants."

1

of her trafficking: physical signs including physical deterioration, bruising, and lack of eye contact, and common indicators of commercial sex activity. (ECF No. 65 ¶¶ 148–153). C.T. alleges that these hotels and their parent companies did not take adequate measures to prevent human trafficking and demonstrated "actual and/or constructive knowledge of the rampant culture of sex trafficking." (*Id.* ¶¶ 135, 138(o), 139(l), 140(k), 141(l)).

The Plaintiff also alleges that the Hotel Defendants have been participating in an industry-wide conspiracy to respond inadequately to sex trafficking. She alleges that state and national trade associations, such as Defendants OHLA and American Hotel & Lodging Association ("AHLA"), served as a forum for the alleged co-conspirators to discuss efforts related to human trafficking and avoiding compliance with federal trafficking laws. (*Id.* ¶¶ 55–56, 58). She also alleges that Defendants' employees exchanged emails related to sex trafficking during the relevant time period. (*Id.* ¶ 50). C.T. contends that the collective failure of Defendants "to articulate a policy, process, or procedure that would measure the extent of the trafficking problem at their branded locations" is the result of the industry wide conspiracy. (*Id.* ¶ 62). She alleges that the Hotel Defendants "collectively conspired and declined to implement policies that would likely have the effect of reducing the billions of dollars in sex trafficking profits." (*Id.* ¶ 63).

C.T. filed her complaint against the Hotel Defendants on December 8, 2019. (ECF No. 1). In early 2020, the Hotel Defendants filed motions to dismiss the action. (ECF Nos. 19, 23, 24, 51). After these motions to dismiss had been filed, C.T. sought leave to file an amended complaint, which the Magistrate Judge granted. (ECF Nos. 54, 64). Plaintiff's amended complaint added conspiracy allegations against the Hotel Defendants and added OHLA and AHLA as additional defendants. (ECF No. 65). The Hotel Defendants and OHLA filed renewed motions to dismiss the

amended complaint. (ECF Nos. 73, 79, 80, 103). Those motions to dismiss are now ripe for determination.

## II. STANDARD OF REVIEW

Defendants Best Western, Wyndham, Red Roof, and OHLA move to dismiss Plaintiff's complaint on various overlapping grounds. Defendants Best Western and Wyndham assert that this Court does not exercise personal jurisdiction over them in this matter (ECF Nos. 73, 79). Defendants Best Western, Red Roof, and OHLA seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the TVPRA. (ECF Nos. 73, 80, 103). OHLA contends that this Court lacks subject matter jurisdiction over the allegations against it because Plaintiff has no Article III standing. (ECF No. 103). Finally, all three Hotel Defendants also move the Court to transfer venue to the Middle District of Florida. (ECF Nos. 73, 79, 80).

### A. Personal Jurisdiction

Plaintiff bears the burden of establishing that personal jurisdiction exists over a defendant. *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 537–38 (S.D. Ohio 2012) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). Where, as here, "the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls*, 503 F.3d at 549 (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). Plaintiff can make this showing by "establishing with reasonable particularity sufficient contacts between [the Defendants] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. Cal.*

*Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). In deciding a Rule 12(b)(2) motion, the Court "construe[s] the facts in the light most favorable to the non-moving party," and "does not weigh the controverting assertions of the party seeking dismissal." *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

### B. Venue

A complaint may be dismissed under Fed. R. Civ P. 12(b)(3) if venue is improper. Venue is proper under 28 U.S.C. § 1391(b) in: (1) any district in which the defendant resides, if all defendants are residents of the state; (2) a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) if there is no other district where the action may be brought so long as the court has personal jurisdiction over the defendant. Alternatively, a court may transfer venue under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Even if venue is proper under § 1391(b), a court may exercise its discretion to grant a motion to transfer venue under 28 U.S.C. § 1404(a) "if the transfer would further the convenience of the parties and the witnesses and be in the interest of justice." *MJR Int'l, Inc. v. Am. Arbitration Ass'n*, No. 2:06-CV-0937, 2007 WL 2781669, at *2 (S.D. Ohio Sept. 24, 2007).

4

### III.   LAW & ANALYSIS

#### A.   Personal Jurisdiction

Defendant Best Western and the Wyndham Defendants move to dismiss Plaintiff's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (ECF Nos. 73, 79).

Personal jurisdiction exists over a defendant "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parson*, 289 F. 3d 865, 871 (6th Cir. 2002) (internal citations omitted). Personal jurisdiction over a defendant may be general or specific, depending on the nature of the defendant's contacts with the forum state. *Id.* at 873. General jurisdiction exists when a defendant's contacts are sufficiently "continuous and systematic" to justify jurisdiction over claims unrelated to those contacts. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "paradigm all-purpose forums" for a corporate defendant are its place of incorporation or its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2015). Specific personal jurisdiction exists over an out-of-state defendant who has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires*, 564 U.S. at 293 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff must show the defendant "purposefully directed his activities at residents of the forum" and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted).

#### 1.   General Personal Jurisdiction

Plaintiff is a resident of Florida and alleges that all of her trafficking occurred in hotel locations in Fort Myers, Florida. (ECF No. 65 ¶¶ 10, 11(c), 12(b–c), 13(e), 14(e)). In her complaint,

she alleges Red Roof has its principal place of business in New Albany, Ohio. (ECF No. 65 ¶ 11(a)). She does not, however, allege that the corporate operations of Best Western or any of the Wyndham defendants are principally located in Ohio. In her Response, C.T. argues these Defendants should be considered "at home" in Ohio, pointing to the existence of multiple franchise locations within the state. (ECF No. 110 at 46). She argues that the Defendants' presences in Ohio, as represented by these locations, make their contacts "so continuous and systematic as to render [them] essentially at home." (*Id.* at 47). While these contacts would likely be sufficient to satisfy specific personal jurisdiction if her claims resulted from events in the forum state—which this Court found was the basis for personal jurisdiction over hotel Defendants in related cases where the allegations indicated the victims were trafficked in the state of Ohio—they are not sufficient to deem Ohio the principal place of business for purposes of general jurisdiction.

General jurisdiction exists only "when a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Daimler*, 571 U.S. at 118 (quoting *International Shoe*, 326 U.S. at 318). Plaintiff admits Movants are not incorporated in Ohio and do business nationwide. The existence of franchise locations in Ohio is not sufficient to establish general personal jurisdiction over these Defendants for causes of action not arising from or relating to actions in the forum state because these contacts are not so continuous and systemic as to render Defendants "at home" in Ohio. *Id.* at 119. The Supreme Court in *Daimler* rejected this kind of analysis which would subject corporations to general jurisdiction in every state in which they did business. *Id.* at 118–19.

Nor does the TVPRA convey general jurisdiction to any federal court for conduct occurring within the United States. Plaintiff argues that the plain meaning of 18 U.S.C. § 1596, which

instructs that courts have "extra-territorial jurisdiction" over offenses where an alleged offender is a national of the United States or an alien lawfully admitted for permanent residence, or where an alleged offender is present in the United States, encompasses suits for conduct in another state within the United States. (ECF No. 110 at 10–11). C.T. argues that she must only demonstrate "minimum contacts" with the United States for this Court to have jurisdiction over the hotel Defendants. (*Id.* at 13). Best Western and the Wyndham Defendants dispute C.T's arguments that the TVPRA confers nationwide jurisdiction to federal courts and argue that such a grant of jurisdiction would defy long-standing due process law regarding personal jurisdiction. (ECF No. 117 at 3; ECF No. 122 at 3).

While the term extraterritorial may, in some instances, encompass interstate conduct, the inclusion of an extraterritoriality clause by Congress in a statute primarily functions to defeat the presumption against the application of U.S. laws beyond our borders. This presumption "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 115 (2013). The cases cited by Plaintiff support this reading of extraterritoriality as used in the TVPRA because all involve conduct wholly occurring in foreign countries *See Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184 (5th Cir. 2017) (affirming dismissal of suit under TVPRA by Nepali citizens for conduct occurring in Iraq); *Ratha v. Phatthana Seafood Co.*, No. CV 16-4271-JFW, 2017 WL 8292922 (C.D. Cal. Dec. 21, 2017) (granting summary judgment to Thai seafood processing corporation accused of human trafficking). Section 1596(a) allows foreign plaintiffs to bring suit for conduct occurring outside of the United States, so long as a court has personal jurisdiction over the defendants, as shown by "minimum contacts" with the United States. For lawsuits occurring under the TVPRA for conduct within the United States, the usual rules apply: a lawsuit may be

7

maintained wherever a court has general or specific personal jurisdiction over defendants. As discussed previously, this Court does not have general jurisdiction over Best Western or the Wyndham Defendants.

### 2. Specific Personal Jurisdiction

A court may also have specific personal jurisdiction over parties, so long as there are minimum contacts between the out-of-state defendant and the forum state, in order to comply with notions of constitutional due process. *See Goodyear Dunlop Tires*, 564 U.S. at 293. The requirement of "minimum contacts" serves a two-fold purpose: "[i]t protects the defendant against the burdens of litigating in a distant or inconvenient forum" and "it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The Sixth Circuit has set forth three requirements to exercise specific personal jurisdiction. First, the defendant must "purposefully avail" himself of the privilege of acting in the forum state or causing a consequence in the forum state. *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014). Second, the cause of action must arise from the defendant's activities in the state. *Id.* Third, the acts or consequences giving rise to specific jurisdiction must have a "substantial enough connection with the forum state" to make such jurisdiction reasonable. *Id.* In determining whether jurisdiction is "reasonable," a court will consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief in that particular forum. *Id.* at 508 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987)). Best Western and the Wyndham Defendants argue that this Court does not have specific personal jurisdiction over this action because Plaintiff's trafficking occurred entirely in Florida. (ECF Nos. 73, 79).

8

Plaintiff argues that her allegations of a conspiracy between the Defendants to maintain inadequate trafficking prevention practices can give rise to specific jurisdiction. She maintains that because one of the Defendants, Red Roof, is headquartered in Ohio, its commission of overt acts in furtherance of the conspiracy at its headquarters gives this Court "conspiracy jurisdiction" under Ohio's long-arm statute. (ECF No. 110 at 13–14). In support of this assertion, she relies upon *United States v. Maruyasu Industries Co.*, 229 F. Supp. 3d 659 (S.D. Ohio. 2017), where the court permitted conspiracy jurisdiction in a criminal prosecution. She also alleges that the Defendants held meetings at which sex trafficking was discussed through trade association Defendant OHLA and that Defendants' employees exchanged emails related to sex trafficking during the relevant time period. (ECF No. 65 ¶¶ 49–50). C.T. contends that the Defendants "failed to articulate a policy, process, or procedure that would measure the extent of the trafficking problem at their branded locations" as part of an industry wide conspiracy, (*Id.* ¶ 62). She also alleges they "collectively conspired and declined to implement policies that would likely have the effect of reducing the billions of dollars in sex trafficking profits." (*Id.* ¶ 63).

In response, the Defendants challenge C.T.'s theories of "conspiracy" jurisdiction and argue that they cannot support personal jurisdiction. Defendant Best Western argues that C.T.'s theory of a conspiracy to violate the TVPRA is not legally cognizable because parties cannot conspire to commit negligence. (ECF No. 117 at 5). Best Western relies on *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 965 (S.D. Ohio 2019), wherein this Court held that "willful blindness is a higher standard, akin to actual knowledge." Best Western argues that applying *M.A.* to Plaintiff's conspiracy claims would require her to plead that Defendants had actual knowledge of trafficking, and that C.T.'s failure to meet this standard means that this Court cannot exercise personal jurisdiction over it under a conspiracy jurisdiction theory. (*Id.* at 6, 8).

The Wyndham Defendants also dispute that personal jurisdiction based on an alleged conspiracy would be improper here. In support of their arguments, the Wyndham Defendants argue that the Sixth Circuit has rejected "minimum contacts" based upon a defendant's alleged relationship with an unrelated third party in *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894 (6th Cir. 2017). Wyndham noted that the case relied upon by C.T. for a conspiracy theory of jurisdiction, *Maruyasu Industries*, was a unique circumstance specific to a criminal prosecution. (ECF No. 122 at 6). The Wyndham Defendants conclude with the argument that, even if a conspiracy theory of jurisdiction were viable in this jurisdiction, Plaintiff has failed to plead these allegations with "reasonable particularity" because she "relies entirely on conclusory allegations" of an industry-wide conspiracy without alleging specific facts. (ECF No. 122 at 7–8).

This Court cannot reach the merits of C.T.'s conspiracy claims if it does not have personal jurisdiction over the parties engaged in the alleged conspiracy. Accordingly, this Court must contemplate whether Plaintiff has pled, with "reasonable particularity," sufficient allegations to give rise to personal jurisdiction over Best Western and the Wyndham Defendants based on her conspiracy theory. *See, e.g.*, *Ruhl v. Brown*, 2:13-CV-00716, 2014 WL 3870660, at *2 (S.D. Ohio Aug. 7, 2014) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)) (explaining that a Plaintiff must allege sufficient contacts between Defendant and forum state "with reasonable particularity" to give rise to personal jurisdiction). To show minimum contacts between an out-of-state defendant and the forum state, the defendant must have at least "aimed" its challenged conduct at the forum State. *Calder v. Jones*, 465 U.S. 783, 789 (1984); *see also Doe S.W. v Lorain-Elyria Motel, Inc.*, 2:19-CV-1194, 2020 WL 1244192, at *3 (S.D. Ohio. Mar. 16, 2020) (requiring at least "causal connection" between defendant's conduct in Ohio and harm to the plaintiff to exercise personal jurisdiction). As this Court has explained, "[p]urposeful

availment is the 'constitutional touchstone' of personal jurisdiction." *Ruhl*, 2014 WL 3870660, at *3 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). A court will not have personal jurisdiction over Defendants whose contacts with the forum state are attenuated or the result of "the unilateral activity of another party or a third person." *Neogen Corp.*, 282 F.3d at 889.

The ability of this Court to exercise personal jurisdiction over Best Western and the Wyndham Defendants here hinges on Plaintiff's conspiracy allegations against them. While the Sixth Circuit explained in *Schmuckle* that "a relationship with . . . a third party, 'standing alone, is an insufficient basis for jurisdiction,'" the Sixth Circuit has yet to settle the issue of conspiracy jurisdiction. *See* 54 F3d at 900 (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)). This Court need not decide whether conspiracy jurisdiction could sustain a finding of personal jurisdiction because the Plaintiff here has not met her burden of pleading with reasonable particularity allegations as to a conspiracy involving Best Western and the Wyndham Defendants. C.T. has made the following allegations that could give rise to personal jurisdiction over Best Western and the Wyndham Defendants: (1) that they held meetings via an Ohio trade association at which sex trafficking was discussed;[2] (2) that the Defendants' employees exchanged e-mails about sex trafficking; (3) that the Defendants all "failed to articulate a policy, process, or procedure that would measure the extent of the trafficking problem at their branded locations" as part of an industry conspiracy; and (4) that the Defendants collectively conspired and declined to implement policies that would likely have the effect of reducing the billions of dollars in sex trafficking profits." (ECF No. 65 ¶¶ 49–50, 62–63). None of these allegations rise to the level of reasonable

---

[2] OHLA disputes that any of the Defendants were members during the relevant time period and included a declaration by Joseph Savarise, the Executive Director of OHLA, to that effect. (ECF No. 103-1). Membership in OHLA is not necessary to the Plaintiff adequately alleging a conspiracy amongst the Defendants and, in determining a Rule 12(b)(2) motion to dismiss, this Court is not to weigh controverting assertions of a party seeking dismissal in order to "prevent non-resident defendants from avoiding jurisdiction simply by filing an affidavit that denies all jurisdictional facts." *Bracken v. DASCO Home Med. Equipment, Inc.*, 954 F. Supp. 2d 686, 691 (S.D. Ohio 2013) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

particularity necessary to sustain personal jurisdiction over out-of-state Defendants. Nor do these allegations support an inference that the conspiracy was aimed at Ohio any more than it was aimed at any other state or that it caused harm to Ohio in a way that is distinguishable from any other state, even drawing all inferences in C.T.'s favor.

Allegations that individuals or entities "conspired together" are nothing more than legal conclusions and cannot give rise to personal jurisdiction, without more particularized allegations. *See Second Amendment Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (finding bare allegation that common actions were taken by separate cities did not give rise to inference that "that the mayors agreed to do so or, more to the point, that they reached any such agreement at a particular time and place and for the purpose of bankrupting gun manufacturers"). Courts that have considered conspiratorial liability as a means of personal jurisdiction have required a plaintiff to show more than a "bare allegation or logical possibility" to assert a plausible claim of a conspiracy. *Unspam Techs. v. Chernuk*, 716 F.3d 322, 330 (4th Cir. 2013) (finding no conspiratorial liability against foreign banks where plaintiff had alleged banks kept spammers in business by processing transactions, but did not allege a common plan amongst foreign banks); *see also Melea, Ltd v. Jawer SA*, 511 F.3d 1060, 1066–67 (10th Cir. 2007) (noting that co-conspirator's presence in forum alone is insufficient absent sufficient allegations that conspiracy was directed towards the forum or substantial steps were taken in the forum); *but see Textor v. Bd. of Regents of N. Illinois University*, 711 F.2d 1387 (7th Cir. 1983) (finding personal jurisdiction over out-of-state co-conspirators where plaintiff had alleged defendants agreed to follow a systematic campaign and where plaintiff had alleged conspiratorial discussions taking place at a specific time and place in the forum state).[3] Plaintiff does not, and cannot, allege specific personal

---

[3] The Plaintiff's allegations against Defendant Red Roof, which is headquartered in Ohio, are closer in substance to those in *Melea* than *Textor*. While neither case is binding in this Circuit, they have a persuasive application here. In

jurisdiction exists over her claims against these Defendants because her trafficking occurred in Florida and she has not pled with requisite particularity that a conspiracy existed, aimed at or specifically harming Ohio more than any other state, such that personal jurisdiction would be constitutionally proper.

For these reasons, this Court finds it does not have personal jurisdiction over Defendant Best Western or the Wyndham Defendants. This does not mean, however, that this Court will dismiss the parties at this juncture. For the reasons explained below, this Court finds venue transfer, rather than dismissal, is the proper remedy.

### B. Venue

The Hotel Defendants argue the Southern District of Ohio is an inconvenient forum and move the Court to transfer venue to the Middle District of Florida. (ECF Nos. 73, 79, 80).

Venue is determined by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in federal district court in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

*Melea*, the Tenth Circuit found that the presence of an alleged co-conspirator is insufficient to maintain personal jurisdiction over out-of-state co-conspirators, unless a plaintiff has also made allegations that the conspiracy was directed toward the forum state or substantial steps in furtherance of the conspiracy were taken in the forum state. *Melea*, 511 F.3d at 1066–67. C.T. alleges that Red Roof held meetings among its executives, directors, and managers at which sex trafficking was discussed and that, as a participant in the conspiracy, overt acts in furtherance of the conspiracy must necessarily have been committed in the forum state where Red Roof is headquartered. (ECF No. 65 ¶¶ 11(b), 46, 51). The allegations against Red Roof, like those against Best Western and the Wyndham Defendants, are not reasonably particular enough to rise above the level of bare allegations and support conspiratorial jurisdiction over the out-of-state Defendants.

28 U.S.C. § 1391(b). For the purposes of venue, an entity defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Corporations "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." § 1391(d). Venue may be proper in multiple courts.

Defendants argue venue is either improper or inconvenient in this Court and that the litigation is best suited for the Middle District of Florida because all of the hotel locations where Plaintiff alleges she was trafficked are located there, and therefore potential witnesses and document production will be exclusively or at least primarily located there. (ECF Nos. 73, 79, 80). Plaintiff has not established that a substantial part of events or omissions giving rise to her claims occurred in this District under 28 U.S.C. § 1391(b)(2). Because this Court has already found it does not have personal jurisdiction over Best Western and the Wyndham Defendants, Plaintiff cannot avail herself of arguments that venue is proper under § 1391(b)(1), which states that venue is proper in "a judicial district in which any defendant resides." 28 U.S.C. § 1406(a) allows "[t]he district court of a district in which is filed a case laying venue in the wrong division or district" to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The only allegations supporting venue in the Southern District of Ohio pertain to Defendant Red Roof, which Plaintiff alleges has its principal place of business in Ohio and conducts its corporate operations. Red Roof argues that, even if venue is proper with respect to the allegations against it, this Court should exercise its discretion to transfer the case to the Middle District of Florida. (ECF No. 80 at 3–5). Even where venue may be proper, 28 U.S.C. § 1404(a) allows the Court to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice."

In evaluating a motion to transfer venue, a court may consider factors such as access to proof, witnesses' ability to attend trial, enforceability of any judgment rendered, and "prevent[ing] unnecessary waste of time, energy and money and to protect witnesses and the public interest against unnecessary inconvenience and expense." *MJR Int'l, Inc. v. Am. Arbitration Ass'n*, No. 2:06-CV-0937, 2007 WL 2781669, at *2 (S.D. Ohio Sept. 24, 2007) (citing *Rowe v. Chrysler Corp.*, 520 F. Supp 15 (E.D. Mich. 1981)).

Balancing these factors, this Court finds Defendants' Motions to Transfer are warranted. First, venue is improper with respect to Defendant Best Western and the Wyndham Defendants, because the Court lacks personal jurisdiction. Even if venue is proper with respect to Defendant Red Roof, the Court finds there is a strong interest in litigating this case where the events occurred, including access to evidence and witnesses located in Florida. Because Plaintiff has not alleged any events occurred in this District, the Court agrees with Defendants that it would cause unnecessary inconvenience and expense to litigate this case in Ohio. The Sixth Circuit has held, "[t]he decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp.*, 141 F.3d at 262. Because venue is clearly proper in the Middle District of Florida, the Court decides to transfer the case, rather than dismiss several Defendants for lack of personal jurisdiction.

### C. Failure to State a Claim and Statute of Limitations

Because this Court has granted Defendants' Motions to Transfer Venue, the Court need not address the merits of Defendants' 12(b)(6) Motion to Dismiss for failure to state a claim under the TVPRA or claims relating to the statute of limitations. This Court also will not address the merits of OHLA's Article III jurisdictional challenge.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Transfer Venue are **GRANTED** and this matter is **TRANSFERRED** to the Middle District of Florida.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  February 16, 2021**